# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

KIM N. GRADY,

    Plaintiff,

    v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS and HIMANSHU PARIKH,

    Defendants

Case No.: _____

Jury Trial Demanded

## COMPLAINT

NOW COME Plaintiff Kim Grady, by her attorneys, Cade Law Group LLC, and for her Complaint against Milwaukee Board of School Directors and Himanshu Parikh (collectively, "Defendants", unless otherwise noted) allege:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race at defendant Milwaukee Board of School Directors ("MPS") and to provide appropriate relief to a White employee, Kim N. Grady. As alleged with greater particularity below, defendant has engaged in unlawful discrimination by terminating Grady on the basis of her race and ending her employment at MPS on the basis of her race.

2. This also is a civil action about age discrimination in the workplace in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq*.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Plaintiff Kim N. Grady has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 by timely filing a charge of discrimination with the EEOC (**Exhibit A**). A cross-charge of discrimination was filed with the Wisconsin Equal Rights Division on February 21, 2018 (**Exhibit B**). Grady received a notice of right to sue on or about February 28, 2018 (**Exhibit C**). Copies of these exhibits are attached hereto.

5. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367 because they form part of the same case or controversy as the aforementioned claims.

6. Venue in this judicial district is proper by virtue of 28 U.S.C. §1391 in that many of the alleged acts were committed in the Eastern District of Wisconsin. Grady worked for Defendant in the Eastern District of Wisconsin. Additionally, the Defendant does business in the Eastern District of Wisconsin.

**PARTIES**

7. Grady is an adult white female residing at 4545 N. Sheffield Avenue, Shorewood, Wisconsin. Her date of birth is March 31, 1961.

8. Defendant Milwaukee Board of School Directors d/b/a Milwaukee Public Schools ("MPS"), at all material times, is a municipal corporation located in the State of Wisconsin with a principal place of business at 5225 West Vliet Street, Milwaukee, Wisconsin 53201.

9. Defendant Himansu Parikh, at all materials times, was the Chief Human

Resources Officer of MPS, and has a principal business address of 5225 West Vliet Street, Milwaukee, Wisconsin 53201.

10. All of Parikh's actions, as described herein, were done an an employee and officer of MPS and in furtherance of his responsibilities and duties with MPS.

11. Grady was employed by Defendant as an Administrative Assistant IV.

12. Grady was hired on July 1, 2016 and was fifty-four years old at the time of her hiring. Attached hereto as **Exhibit D** is a true and correct copy of Grady's Offer Letter from MPS.

13. Grady originally to serve as the administrative assistant to Dan Chanen, who was at that time the Chief Human Resource Officer of MPS. Subsequently, Chanen was terminated and Grady was assigned to be the administrative assistant to Parikh.

14. At all material times, Grady performed her work duties in accordance with the reasonable expectations of MPS.

15. Grady was terminated on or about July 1, 2017. At the time of her termination, Grady was fifty-six years old.

16. Attached hereto as **Exhibit E** is a true and correct copy of Grady's reacted employment file with MPS, which redacts her social security number and other personally-comprising information.

17. Attached hereto as **Exhibit F** is a true and correct copy of the MPS employee handbook.

## COUNT I – DISCRIMINATION ON THE BASIS OF RACE

18. Grady realleges and incorporate by reference the above paragraphs as if they were set forth herein.

19. During the course of her employment with MPS, Grady was subjected to harassment that included derogatory comments based on her race by Parikh.

20. Parikh treated Grady differently because of her race. More specifically, Parikh treated Grady differently because she was white and he was not. Parikh insulted Grady, was disrespectful to her, demeaned her by his actions and statements, and treated her differently because she is white.

21. Prior to Grady's termination, another MPS employee, a black female, also was given a negative review by Superintendent Darienne Driver. However, this employee was not terminated but allowed to transfer to another office at MPS and work for a different supervisor.

22. Grady was not provided with the ability to transfer to a different office at MPS or work for a different supervisor.

23. The decision not allowing Grady to transfer was based on her race, in violation of Title VII.

24. The decision to terminate Grady was based on her race, in violation of Title VII.

25. The Defendant's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

## COUNT II – ADEA DISCRIMINATION

26. Grady realleges and incorporate by reference the above paragraphs.

27. MPS discriminated against Grady based on age and terminated her in

reckless disregard of her federally protected rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

28. As a result of Defendant's intentional discrimination, Grady has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages she will establish at trial.

## COUNT III – RETALIATION

29. Grady realleges and incorporate by reference the above paragraphs.

30. Grady complained to MPS about her termination and the discrimination she suffered. Attached hereto as **Exhibit G** is a true and correct copy of Grady's internal complaint to MPS.

31. Defendant intentionally retaliated against Grady by terminating her for opposing race discrimination in the workplace in reckless disregard of her federally protected rights under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991 ("Title VII").

32. Defendant intentionally retaliated against Grady by terminating her for opposing age discrimination in the workplace in reckless disregard of her federally protected rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*

33. By such actions, the Defendant engaged in intentional discrimination against Thompson with malice and reckless indifference to her federally protected rights.

34. The Defendant's Conduct violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e-3(a).

35. As a result of Defendant's intentional retaliation, Grady has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages that she will establish at trial.

## COUNT IV – BREACH OF CONTRACT

36. Grady realleges and incorporate by reference the above paragraphs.

37. At the time Grady was hired, Grady purportedly was hired on probationary status allowing MPS to terminate her for any reason and without cause.

38. Grady she was not informed or provided notice that she was on probation.

39. In fact, her offer letter failed to identify or provide notice of probation.

40. As a pretext for terminating her, Parikh "extended" Grady's probation period without a legal right to do so, and then with the assistance of MPS, terminated Grady.

41. Grady had an employment contract with MPS, and because of that contract, she had a contractual right to a due process grievance hearing under the MPS employee handbook if she was not a probationary employee.

42. MPS breached Grady's employment contract by terminating her without providing her the required due process grievance hearing.

43. As a result of MPS' breach of contract, Grady has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages that she will establish at trial.

## RELIEF

WHEREFORE, Grady respectfully request that this Court:

a. Enter a judgment that the Defendants violated Title VII of the Civil Rights Act of 1964 as amended;

b. Enter a judgment that the Defendants violated the Age Discrimination in Employment Act of 1967;

c. Enter a judgment that the Defendants retaliated against Grady;

d. Find that Defendants breached Grady's contract by placing her on probation

without notice, and further breached by extending her probation time period specifically to terminate her without cause;

 e. Enter judgment against the Defendants and in favor of Grady for prospective and retrospective monetary relief;

 f. Enter judgment against the Defendants and in favor of Grady for compensatory damages;

 g. Enter judgment against the Defendants and in favor of Grady for punitive damages, including punitive damages pursuant to 42 U.S.C. §1981a;

 h. Order Defendant MPS to reinstate Grady;

 i. Award Grady the cost of this action and reasonable attorneys' fees; and

 j. Grant Grady such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Grady demands a jury trial on all issues of fact.

 Dated this 20th day of May, 2018.

  **CADE LAW GROUP LLC**

  By: s/Nathaniel Cade, Jr.
   Nathaniel Cade, Jr.
   P.O. Box 170887
   Milwaukee, WI 53217
   (414) 255-3802 (phone)
   (414) 255-3804 (fax)
   nate@cade-law.com

  Attorneys for Plaintiff Kim N. Grady